# United States Bankruptcy Court
## Western District of Wisconsin

In re     Stuart B. Utgaard,                      Case No.   09-18474
            Kimberly J. Utgaard

                                          Debtors           Chapter          7

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 5,565,490.00 | | |
| B - Personal Property | Yes | 4 | 55,598.92 | | |
| C - Property Claimed as Exempt | Yes | 3 | | | |
| D - Creditors Holding Secured Claims | Yes | 4 | | 7,270,067.98 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 160,000.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 9 | | 34,437,946.94 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 2 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 1 | | | 3,577.60 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 1 | | | 3,723.13 |
| Total Number of Sheets of ALL Schedules | | 28 | | | |
| Total Assets | | | 5,621,088.92 | | |
| Total Liabilities | | | | 41,868,014.92 | |

# United States Bankruptcy Court
## Western District of Wisconsin

In re    Stuart B. Utgaard,         Case No. _____09-18474_____
Kimberly J. Utgaard

                               Debtors       Chapter _____7_____

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐   Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 160,000.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 0.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 160,000.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 3,577.60 |
| Average Expenses (from Schedule J, Line 18) | 3,723.13 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 0.00 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 1,777,277.98 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 160,000.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 34,437,946.94 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 36,215,224.92 |

In re    Stuart B. Utgaard,                    Case No.    09-18474
        Kimberly J. Utgaard

                             Debtors

# SCHEDULE A - REAL PROPERTY

Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

**Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|---|---|---|
| 300 West 1st Street<br>Star Prairie, Wisconsin<br><br>Tax Parcel Nos. 182-1019-50-000, 182-1019-20-000, and 182-1019-60-000<br><br>Appraisal Report dated 10/16/09 | | J | 2,067,000.00 | 3,148,885.11 |
| 217 West 1st Street<br>Star Prairie, WI 54026<br>(Homestead)<br><br>Tax Parcel Nos. 182-1009-10-000, 182-1009-20-000, and 182-1010-50-000<br><br>Fair Market Value from 2009 Real Estate Tax Bills | | J | 190,200.00 | 117,500.00 |
| 419C Lakeview Lane<br>Osceola, Wisconsin<br><br>Tax Parcel Nos. 002-01185-0000, 002-01212-0000, and 002-01210-0000<br><br>Fair Market Value from 2009 Real Estate Tax Bills | | J | 1,620,600.00 | 2,167,314.17 |
| Building located on Lot 13-3 of New Richmond, Wisconsin Regional Airport<br><br>Debtor's estimate as to value | | J | 150,000.00 | 175,997.94 |
| 1858 S. Lakeline Drive<br>Salt Lake City, UT 84109<br><br>Fair market value from 2009 Real Estate Tax Assessment | | J | 1,537,690.00 | 1,660,370.76 |

|  | | |
|---|---|---|
| Sub-Total > | 5,565,490.00 | (Total of this page) |
| Total > | 5,565,490.00 | |
| | (Report also on Summary of Schedules) | |

  __0__   continuation sheets attached to the Schedule of Real Property

In re    Stuart B. Utgaard,
         Kimberly J. Utgaard                            Case No.     09-18474

                                    Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.   Cash on hand | | Cash on Person (H) $279<br>Cash on Person (W) $200 | J | 479.00 |
| 2.   Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | AnchorBank Checking Account | W | 400.00 |
| | | First National Community Bank Checking Account, 109 East 2nd Street, New Richmond, WI | H | 103.62 |
| 3.   Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.   Household goods and furnishings, including audio, video, and computer equipment. | | Household Goods, etc., Lakeview Lane & Star Prairie, WI<br><br>(See attached) | J | 18,160.00 |
| 5.   Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | | Pictures and Other | J | 300.00 |
| 6.   Wearing apparel. | | Clothes | J | 200.00 |
| 7.   Furs and jewelry. | | Wedding Rings (husband and wife) $600<br>Masonic Ring $200<br>Class Ring $200<br>Rolex watch (wife) $1,000 | J | 2,000.00 |
| 8.   Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.   Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | | Northwestern Mutual Life Insurance (four term policies; no cash values) | H | 0.00 |

                                                Sub-Total >       21,642.62
                                         (Total of this page)

   __3__    continuation sheets attached to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                 Best Case Bankruptcy

B6B (Official Form 6B) (12/07) - Cont.

In re    Stuart B. Utgaard,                                    Case No.    09-18474
         Kimberly J. Utgaard
                                          Debtors
                      **SCHEDULE B - PERSONAL PROPERTY**
                                    (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| | | Northwestern Mutual Life Insurance, Policy No. 8-736-254 Cash value $133,004.19 minus Loans of $130,020.89 (as of 11/2/09) | H | 2,983.30 |
| | | Northwestern Mutual Life Insurance, Policy No. 7-394-266 Cash value $77,828 minus Loans of $72,628 | J | 5,200.00 |
| | | Northwestern Mutual Life Insurance, Policy No. 6-903-234 Cash value $56,414 minus Loans of $54,945 (as of 10/30/09) | J | 1,469.00 |
| 10. Annuities. Itemize and name each issuer. | X | | | |
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | | Kim's 401K; vested balance $35,995 less loan of $23,091 | W | 12,904.00 |
| | | IRA Account held at AnchorBank | H | 6,000.00 |
| | | IRA Account held at First National Community Bank | W | 5,000.00 |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | | 4,400 Shares in Enterprise Investments, Inc. 1,000 Shares in Utgaard's Hatchery, Inc. (Both of these entities have more liabilities than assets) No value | H | 0.00 |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |

Sub-Total >        33,556.30
(Total of this page)

Sheet __1__ of __3__ continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037          Best Case Bankruptcy

In re    Stuart B. Utgaard,                               Case No.    09-18474
        Kimberly J. Utgaard

Debtors

# SCHEDULE B - PERSONAL PROPERTY
(Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | 1990 Chevrolet van | H | 300.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |

|  | Sub-Total > | 300.00 |
|---|---|---|
|  | (Total of this page) | |

Sheet   2   of   3   continuation sheets attached
to the Schedule of Personal Property

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                     Best Case Bankruptcy

In re    Stuart B. Utgaard,                       Case No.    09-18474

        Kimberly J. Utgaard

                              Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | | 4 Dogs and 4 Cats | J | 100.00 |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

|  |  |
|---|---|
| Sub-Total > | 100.00 |
| (Total of this page) | |
| Total > | 55,598.92 |

Sheet  __3__  of  __3__  continuation sheets attached
to the Schedule of Personal Property

(Report also on Summary of Schedules)

# Farm House Furniture
## 217 West 1st Street – Star Prairie, WI

Many of the furnishings in the farmhouse are quite old and dated.

## Main Level

**Dining Room**

| | | |
|---|---|---|
| Table& Chairs | $250 | |
| Buffet | 150 | |
| Hutch | <u>150</u> | |
| **Total** | | **$550** |

**Living Room**

| | | |
|---|---|---|
| Couches (2) | $250 | |
| Chairs (2) | 100 | |
| Lamps (4) | 40 | |
| Decorative Table | 50 | |
| Coffee Table | 30 | |
| Round Table | 25 | |
| Rug | 25 | |
| TV (older) | <u>100</u> | |
| **Total** | | **$620** |

**Master Bedroom**

| | | |
|---|---|---|
| King Bed | $150 | |
| 2 Night Stands | 50 | |
| Dresser | 100 | |
| Tall Dresser | 100 | |
| Lamps (2) | 20 | |
| **Total** | | **$420** |

**Kitchen**

| | | |
|---|---|---|
| Table & 4 Chairs | <u>$150</u> | |
| **Total** | | **$150** |

**Small Bedroom**

| | | |
|---|---|---|
| Bed | $150 | |
| **Total** | | **$150** |


**Sun Porch**

| | | |
|---|---|---|
| Couch | $40 | |
| Plants (2) | 30 | |
| Chairs (2) | 50 | |
| Mirror | 30 | |
| Table | 20 | |
| **Total** | | **$170** |


**Laundry Room**

| | | |
|---|---|---|
| Washer/Dryer | $150 | |
| Desk w/ Chair | 75 | |
| Refrigerator (old) | 25 | |
| **Total** | | **$250** |


**Family Room**

| | | |
|---|---|---|
| TV | $125 | |
| Piano (old) | 35 | |
| Table/4 Chairs | 100 | |
| Decorative | 20 | |
| Back Table | 50 | |
| Round Table | 25 | |
| Floor Lamps (2) | 25 | |
| Table Lamp | 10 | |
| Side Chairs (2) | 50 | |
| Couch | 150 | |
| Love Seat | 100 | |
| Chair/Ottoman | 50 | |
| Entertainment Center | 150 | |
| Coffee Table | 25 | |
| **Total** | | **$915** |

**Lower Bedroom**

| | | |
|---|---|---|
| Bed | $100 | |
| Chest/Trunk | <u>25</u> | |
| **Total** | | **$125** |

**Grand Total Farm House Furnishings** <u>**$3,350**</u>

# Cabin Furnishings
## (491C Lakeview Lane)

### Main Level

**Entry Way**

| | | |
|---|---|---|
| Mirror | $100 | |
| Bench | 50 | |
| **Total** | | **$150** |

**Master Bedroom**

| | | |
|---|---|---|
| King Bed | $200 | |
| 2 Night Stands | 100 | |
| 2 Curios | 150 | |
| Chair | 50 | |
| Coffee Table | 25 | |
| **Total** | | **$525** |

**Living Room**

| | | |
|---|---|---|
| 2 Chairs | $ 150 | |
| Ottoman | 30 | |
| TV | 200 | |
| Sofa | 100 | |
| Sofa Chair | 50 | |
| 2 End Tables | 40 | |
| Coffee Table | 25 | |
| **Total** | | **$595** |

**Sunroom**

| | | |
|---|---|---|
| Leather Chaise | $150 | |
| 2 Chairs | 100 | |
| End Table | 25 | |
| Lamps | 20 | |
| **Total** | | **$295** |

**Kitchen**

| | | |
|---|---|---|
| 5 Counter Bar Stools | $100 | |
| **Total** | | **$100** |

# Cabin Furnishings
### 491C Lakeview Lane

## 2nd Level (Upstairs)

**Loft**

| | |
|---|---|
| 2 Loft Chairs | $150 |
| Desk Chair | 20 |
| Computer w/Printer | 100 |
| TV | <u>100</u> |
| **Total** | **$370** |

**Annika's Bedroom (age 16)**

| | |
|---|---|
| King Bed | $150 |
| Dresser w/ Mirror | 100 |
| 2 Night Stands | 50 |
| Small Writing Desk w/ Stool | 50 |
| Glass Curio | <u>50</u> |
| **Total** | **$400** |

**Abby's Bedroom (age 9)**

| | |
|---|---|
| King Bed | $125 |
| Glass Curio | 100 |
| Dresser w/ Mirror | 100 |
| Floor Mirror | 25 |
| Night Stands | 50 |
| Chair | <u>25</u> |
| **Total** | **$425** |

**Antje's Bedroom (age 15)**

| | |
|---|---|
| King Bed | 200 |
| Dresser | 75 |
| 2 Curios | 150 |
| Floor Mirror | 25 |
| 2 Night Stands | 50 |
| 2 Chairs | 150 |
| Ottoman | <u>25</u> |
| **Total** | **$675** |

# Cabin Furnishings
### 491C Lakeview Lane

## 2nd Level (Upstairs) continued

**Ali's Bedroom (age 13)**

| | | |
|---|---|---|
| King Bed | 150 | |
| Dresser | 100 | |
| Dressing Table w/ stool | 100 | |
| Corner Table | 25 | |
| Chair | 25 | |
| Ottoman | 25 | |
| **Total** | | **$425** |

## Lower Level (Basement)

**Game Room**

| | | |
|---|---|---|
| Foosball Table | $275 | |
| Ping Pong Table | 200 | |
| Pin Ball Machine | 1,200 | |
| Jukebox | 3,925 | |
| Pacman Table | 150 | |
| Pool Table | 2,500 | |
| Dart Board | 100 | |
| TV | 75 | |
| Pictures (4) | 50 | |
| **Total** | | **$8,475** |

**Hallway**

| | | |
|---|---|---|
| Trunks | $150 | |
| Mirror | 100 | |
| **Total** | | **$250** |

**Bar**

| | | |
|---|---|---|
| 6 Bar Stools | $125 | |
| **Total** | | **$125** |

**Guest Bedroom**

| | | |
|---|---|---|
| King Bed | $200 | |
| Hutch w/TV | 150 | |
| 2 Night Stands | 100 | |
| **Total** | | **$450** |

# Cabin Furnishings
**491C Lakeview Lane**

## Lower Level (Basement) continued

**Family Room**

| | |
|---|---|
| Game Table w/ 4 Chairs | $800 |
| 2 High Back Chairs | 200 |
| Coffee Table | 100 |
| Couch | 150 |
| Elephant Coffee Table | 100 |
| Dance Room TV | 75 |
| Office Computer | 100 |
| Display Stand | 25 |
| **Total** | **$1,550** |

**Grand Total Cabin Furnishings**      **$14,810**

In re    Stuart B. Utgaard     Kimberly J. Utgaard       Case No.    09-18474

Debtor(s)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:     ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box):                                        $136,875.
☐   11 U.S.C. §522(b)(2)
☒   11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| **Real Property** | | | |
| 217 West 1st Street Star Prairie, WI 54026 (Homestead) | | | |
| Tax Parcel Nos. 182-1009-10-000, 182-1009-20-000, and 182-1010-50-000 | | | |
| Tax Assessed Value from 2008 Real Estate Tax Bills | | | |
| See attached footnote related to value | Wis. Stat. § 815.20 | 150,000.00 | 190,200.00 |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| AnchorBank Checking Account | Wis. Stat. § 815.18(3)(k) | 400.00 | 400.00 |
| First National Community Bank Checking Account, 109 East 2nd Street, New Richmond, WI | Wis. Stat. § 815.18(3)(k) | 103.62 | 103.62 |
| **Household Goods and Furnishings** | | | |
| Household Goods, etc., Lakeview Lane & Star Prairie, WI | | | |
| (See attached) | Wis. Stat. § 815.18(3)(d) | 18,160.00 | 18,160.00 |
| **Books, Pictures and Other Art Objects; Collectibles** | | | |
| Pictures and Other | Wis. Stat. § 815.18(3)(d) | 300.00 | 300.00 |
| **Wearing Apparel** | | | |
| Clothes | Wis. Stat. § 815.18(3)(d) | 200.00 | 200.00 |
| **Furs and Jewelry** | | | |
| Wedding Rings (husband and wife) $600 Masonic Ring $200 Class Ring $200 Rolex watch (wife) $1,000 | Wis. Stat. § 815.18(3)(d) | 2,000.00 | 2,000.00 |

Schedule of Property Claimed as Exempt consists of 3 total page(s)

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
### (Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| Interests in Insurance Policies | | | |
| Northwestern Mutual Life Insurance (four term policies; no cash values) | Wis. Stat. §§ 815.18(3)(i)(1)(a) | 100% | 0.00 |
| Northwestern Mutual Life Insurance, Policy No. 8-736-254 Cash value $133,004.19 minus Loans of $130,020.89 (as of 11/2/09) | Wis. Stat. §§ 815.18(3)(i)(1)(a) | 100% | 2,983.30 |
| | Wis. Stat. § 815.18(3)(f)2 | 2,983.30 | |
| Northwestern Mutual Life Insurance, Policy No. 7-394-266 Cash value $77,828 minus Loans of $72,628 | Wis. Stat. § 815.18(3)(f)2 | 5,200.00 | 5,200.00 |
| | Wis. Stat. §§ 815.18(3)(i)(1)(a) | 100% | |
| Northwestern Mutual Life Insurance, Policy No. 6-903-234 Cash value $56,414 minus Loans of $54,945 (as of 10/30/09) | Wis. Stat. § 815.18(3)(f)2 | 1,469.00 | 1,469.00 |
| | Wis. Stat. §§ 815.18(3)(i)(1)(a) | 100% | |
| Interests in IRA, ERISA, Keogh, or Other Pension or Profit Sharing Plans | | | |
| Kim's 401K; vested balance $35,995 less loan of $23,091 | Wis. Stat. § 815.18(3)(j) | 12,904.00 | 12,904.00 |
| IRA Account held at AnchorBank | Wis. Stat. § 815.18(3)(j) | 6,000.00 | 6,000.00 |
| IRA Account held at First National Community Bank | Wis. Stat. § 815.18(3)(j) | 5,000.00 | 5,000.00 |
| Stock and Interests in Businesses | | | |
| 4,400 Shares in Enterprise Investments, Inc. 1,000 Shares in Utgaard's Hatchery, Inc. (Both of these entities have more liabilities than assets) No value | Wis. Stat. § 815.18(3)(b) | 30,000.00 | 0.00 |
| Automobiles, Trucks, Trailers, and Other Vehicles | | | |
| 1990 Chevrolet van | Wis. Stat. § 815.18(3)(g) | 300.00 | 300.00 |
| Animals | | | |
| 4 Dogs and 4 Cats | Wis. Stat. § 815.18(3)(d) | 100.00 | 100.00 |

Sheet 2 of 3 total sheets in Schedule of Property Claimed as Exempt

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT
(Continuation Sheet)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---|---|
| | Total: | 224,872.22 | 223,144.92 |

Sheet 3 of 3 total sheets in Schedule of Property Claimed as Exempt

In re    Stuart B. Utgaard,                             Case No.     09-18474

           Kimberly J. Utgaard

                                   Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor", include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. | | | June 17, 2002 (subordinated to North Star Bank) | | | | | |
| 402 N. Cove, LLC c/o Scott Nielsen 1371 S. Vintage Oak Lane Salt Lake City, UT 84121 | | J | Mortgage recorded 6/28/02 as Doc. # 682973 300 West 1st Street Star Prairie, Wisconsin Security interest limited to $250,000 | | | | | |
| | | | Value $           2,067,000.00 | | | | 479,000.00 | 479,000.00 |
| Account No. xxxxxx0420 | | | 2/18/05 | | | | | |
| Anchor Bank P.O. Box 7933 Madison, WI 53707 | | J | UCC filed 2/21/05 as Doc. #050002585222 Building located on Lot 13-3 of New Richmond, Wisconsin Regional Airport | | | | | |
| | | | Value $           150,000.00 | | | | 174,703.83 | 25,997.94 |
| Account No. xxx2180 | | | 8/19/98 | | | | | |
| Bremer Bank (formerly Northwest Savings Bank) 532 S. Knowles Avenue New Richmond, WI 54017 | | J | First Mortgage recorded 8/31/98 as Doc. # 586171 217 West 1st Street Star Prairie, WI 54026 | | | | | |
| | | | Value $           190,200.00 | | | | 57,500.00 | 0.00 |
| Account No. xx5124 | | | 5/1/08 | | | | | |
| Bremer Bank 532 S. Knowles Avenue New Richmond, WI 54017 | | J | Second Mortgage (Line of Credit) recorded 5/30/08 as Doc. # 875853 217 West 1st Street Star Prairie, WI 54026 | | | | | |
| | | | Value $           190,200.00 | | | | 60,000.00 | 0.00 |

   3    continuation sheets attached

                                       Subtotal            771,203.83       504,997.94

                             (Total of this page)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                                   Best Case Bankruptcy

In re    Stuart B. Utgaard,                            Case No.    09-18474
           Kimberly J. Utgaard

Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| **Account No.**<br><br>City of New Richmond Treasurer<br>156 E. First Street<br>New Richmond, WI 54017 | | J | | | 2008 Personal Property Taxes<br><br>Building located on Lot 13-3 of New Richmond, Wisconsin Regional Airport<br><br>Value $       150,000.00 | | | | 1,294.11 | 0.00 |
| **Account No.** xxxxxx7002<br><br>First Horizon<br>400 Horizon Way<br>Irving, TX 75063 | | J | | | 11/14/07<br><br>Deed of Trust recorded 11/19/07 as Entry No. 10278793 in Book 9538 at Page 7156<br><br>1858 S. Lakeline Drive<br>Salt Lake City, UT 84109<br>Value $      1,537,690.00 | | | | 1,442,749.00 | 0.00 |
| **Account No.** xxxx6293<br><br>First Horizon<br>400 Horizon Way<br>Irving, TX 75063 | | J | | | 11/14/07<br><br>Deed of Trust recorded 11/19/07 as Entry No. 10278794 in Book 9538 at Page 7174<br><br>1858 S. Lakeline Drive<br>Salt Lake City, UT 84109<br>Value $      1,537,690.00 | | | | 205,576.81 | 122,680.76 |
| **Account No.** xxxx1684<br><br>North Star Bank<br>4661 Hwy 61<br>White Bear Lake, MN 55110 | | J | | | 12/16/04 (Term Note)<br><br>Mortgage recorded 1/6/05 as Doc. # 784356<br><br>300 West 1st Street<br>Star Prairie, Wisconsin<br>Value $      2,067,000.00 | | | | 1,024,116.75 | 0.00 |
| **Account No.**<br><br>Murnane Brandt<br>Attn: Attorney John E. Brandt<br>30 East 7th Street, Suite 3200<br>Saint Paul, MN 55101-4919 | | | | | Representing:<br>North Star Bank<br><br>Value $ | | | | Notice Only | |

Sheet __1__ of __3__ continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)

| 2,673,736.67 | 122,680.76 |
|---|---|

In re    Stuart B. Utgaard,                   Case No.    09-18474
        Kimberly J. Utgaard

Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community H / W / J / C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxx1676<br><br>North Star Bank<br>4661 Hwy 61<br>White Bear Lake, MN 55110 | | J | 12/16/04 (Revolving Note)<br><br>Mortgage recorded 1/6/05 as Doc. # 784356<br><br>300 West 1st Street<br>Star Prairie, Wisconsin<br>Value $    2,067,000.00 | | | | 1,210,604.13 | 167,720.88 |
| Account No.<br><br>North Star Bank<br>4661 Hwy 61<br>White Bear Lake, MN 55110 | | J | November 4, 2008<br><br>Mortgage recorded 12/23/08 as Doc. # 885786<br><br>300 West 1st Street<br>Star Prairie, Wisconsin<br>Value $    2,067,000.00 | | | | 435,164.23 | 435,164.23 |
| Account No.<br><br>North Star Bank<br>4661 Hwy 61<br>White Bear Lake, MN 55110 | | J | UCC recorded 8/17/05 as Doc. # 050012146620<br><br><br>Value $    0.00 | | | | 0.00 | 0.00 |
| Account No.<br><br>North Star Bank<br>4661 Hwy 61<br>White Bear Lake, MN 55110 | | J | Assignment of Rents recorded 12/3/08 as Doc. # 885787<br><br>300 West 1st Street<br>Star Prairie, Wisconsin<br>Value $    Unknown | | | | Unknown | Unknown |
| Account No.<br><br>Salt Lake County Treasurer<br>P.O. Box 410418<br>Salt Lake City, UT 84141-0418 | | J | Current Year Real Estate Tax Bill<br><br>1858 S. Lakeline Drive<br>Salt Lake City, UT 84109<br><br>Value $    1,537,690.00 | | | | 12,044.95 | 0.00 |

Sheet   2   of   3   continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)

| | |
|---|---|
| 1,657,813.31 | 602,885.11 |

In re    Stuart B. Utgaard,                         Case No.    09-18474
          Kimberly J. Utgaard

Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxxxx2078 | | | First Mortgage | | | | | |
| Wells Fargo P.O. Box 14411 Des Moines, IA 50306 | | J | 419C Lakeview Lane Osceola, Wisconsin | | | | | |
| | | | Value $      1,620,600.00 | | | | 1,869,372.87 | 248,772.87 |
| Account No. xxxxxxxxx1998 | | | 11/4/05 | | | | | |
| Wells Fargo P.O. Box 14411 Des Moines, IA 50306 | | J | Second Mortgage (Line of Credit) 419C Lakeview Lane Osceola, Wisconsin | | | | | |
| | | | Value $      1,620,600.00 | | | | 297,941.30 | 297,941.30 |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| | | | Value $ | | | | | |

Sheet <u>3</u> of <u>3</u> continuation sheets attached to
Schedule of Creditors Holding Secured Claims

|  | Subtotal (Total of this page) | 2,167,314.17 | 546,714.17 |
|---|---|---|---|
|  | Total (Report on Summary of Schedules) | 7,270,067.98 | 1,777,277.98 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037           Best Case Bankruptcy

In re   Stuart B. Utgaard,                                    Case No.    09-18474
       Kimberly J. Utgaard

_____
Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $10,950* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

Claims of certain farmers and fishermen, up to $5,400* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

Claims of individuals up to $2,425* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

* Amounts are subject to adjustment on April 1, 2010, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

_____1_____ continuation sheets attached

In re     Stuart B. Utgaard,                 Case No.    09-18474
           Kimberly J. Utgaard

                                       Debtors

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

Taxes and Certain Other Debts
Owed to Governmental Units

TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY | AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|---|
| Account No. xxx-xx-9063<br><br>Internal Revenue Service<br>Insolvency Unit<br>PO Box 21126<br>Philadelphia, PA 19114 | | J | 2008 Income Tax Liability | | | | 160,000.00 | 0.00 | 160,000.00 |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |
| Account No. | | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | Subtotal<br>(Total of this page) | 160,000.00 | 0.00<br>160,000.00 |
|---|---|---|---|
| | Total<br>(Report on Summary of Schedules) | 160,000.00 | 0.00<br>160,000.00 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037            Best Case Bankruptcy

B6F (Official Form 6F) (12/07)

In re    Stuart B. Utgaard,                                                    Case No.    09-18474
         Kimberly J. Utgaard
_____
                                    Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐  Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W | J C | | | | | |
| Account No. xxxxxxxx xxx xxxx4375 American Bank 1578 University Ave. Saint Paul, MN 55104 | X | H | | | 12/20/00 and 7/21/06 Sportsman's Warehouse, Inc. real estate Personal Guarantee Loveland, CO | X | X | | 4,338,000.00 |
| Account No. xxxx-xxxx-xxxx-4358 Bank of America P.O. Box 15019 Wilmington, DE 19850-5019 | | | | J | Personal Credit Card | | | | 27,387.68 |
| Account No. xxxx-xxxx-xxxx-0213 Bank of America P.O. Box 15019 Wilmington, DE 19850-5019 | | | | J | Personal Credit Card | | | | 56,429.86 |
| Account No. Black Helterline LLP 805 SW Broadway Suite 1900 Portland, OR 97205-3359 | | | | J | Attorneys fees on Columbia sportswear litigation | | | | 139.40 |
| __8__ continuation sheets attached | | | | | Subtotal (Total of this page) | | | | 4,421,956.94 |

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037          S/N:25822-091215    Best Case Bankruptcy

In re  Stuart B. Utgaard,    Case No. 09-18474
       Kimberly J. Utgaard
                                           Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. xxxxxxxx5035  Bridgeview Bank 4222 E. Camelback Rd. Phoenix, AZ 85018 | X | J | | 3/17/05 Sportsman's Warehouse, Inc. real estate Personal Guarantee Mesa, AZ location | X | X | | 5,032,000.00 |
| Account No. xxxxxxxx3583  Bridgeview Bank 4222 E. Camelback Rd. Phoenix, AZ 85018 | X | J | | 3/22/06 Sportsman's Warehouse, Inc. real estate Personal Guarantee Phoenix, AZ location | X | X | | 6,296,000.00 |
| Account No.  Bryan Cave LLP Attn: Attorney Michelle McMahon 1290 Avenue of the Americas New York, NY 10104-3300 | | | | Representing: Bridgeview Bank | | | | Notice Only |
| Account No.  Centennial Gateway LLC 5785 Centennial Center Blvd Ste 230 Las Vegas, NV 89149 | X | J | | Possible personal guarantee on Sportsman's Warehouse, Inc. (Las Vegas) obligation | X | X | | 991,429.50 |
| Account No. xxxx-xxxx-xxxx-6062  Chase P.O. Box 94014 Palatine, IL 60094 | | J | | Personal Credit Card | | | | 20,300.00 |

Sheet no. 1 of 8 sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)    12,339,729.50

In re     Stuart B. Utgaard,                           Case No.     09-18474
         Kimberly J. Utgaard

                                        Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | Husband, Wife, Joint, or Community | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| Account No. xxxx-xxxx-xxxx-8421<br><br>Chase<br>P.O. Box 94014<br>Palatine, IL 60094 | | J | | Personal Credit Card | | | | 2,500.00 |
| Account No. xxxx-xxxx-xxxx-7633<br><br>Chase<br>P.O. Box 94014<br>Palatine, IL 60094 | | J | | Personal Credit Card | | | | 20,010.95 |
| Account No.<br><br>Columbia Sportswear<br>14375 NW Science Park Drive<br>Portland, OR 97229 | X | J | | 3/97<br>Personal Guarantee on Sportsman's Warehouse, Inc. obligation Oregon Dist. Court Case # 3:09-CV-335-HA (Judge Ancer Haggerty) | X | X | | 640,599.00 |
| Account No.<br><br>Perkins Coie, LLP<br>c/o Attorney Thomas R. Johnson<br>1120 NW Couch Street, 10th Floor<br>Portland, OR 97209-4128 | | | | Representing:<br>Columbia Sportswear | | | | Notice Only |
| Account No. xxxx6188<br><br>First American Bank<br>12333 University Ave.<br>Clive, IA 50325 | X | H | | 7/11/03<br>Sportsman's Warehouse, Inc. real estate Personal Guarantee Ankeny, IA location | X | X | | 3,375,000.00 |

Sheet no. __2__ of __8__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                                          Subtotal     4,038,109.95
                                        (Total of this page)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                          Best Case Bankruptcy

In re     Stuart B. Utgaard,                      Case No. _____09-18474_____
        Kimberly J. Utgaard

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> Hawkins Companies <br> 855 Broad Street, Ste. 300 <br> Boise, ID 83702 | | H | 1/5/09 <br> Personal loan unsecured | | | | 103,649.00 |
| Account No. <br><br> Liberty Plumbing & Heating, Inc. <br> 198 West 4860 South <br> Salt Lake City, UT 84107 | | J | Service done at Utah property | | | | 1,297.00 |
| Account No. <br><br> Lindquist & Vennum <br> 4200 IDS Center <br> 80 South Eighth Street <br> Minneapolis, MN 55402-2274 | | J | Attorney Fees (personal matter) | | | | 80.00 |
| Account No. <br><br> Lindquist & Vennum <br> 4200 IDS Center <br> 80 South Eighth Street <br> Minneapolis, MN 55402-2274 | | J | Attorney Fees (Enterprise Investments, Inc. corporate matters) | X | X | X | 200.00 |
| Account No. 9291 <br><br> Marshall Bank First <br> 225 S. 6th St, Suite 2900 <br> Minneapolis, MN 55402 | X | J | 5/7/03 <br> Sportsman's Warehouse, Inc. real estate <br> Personal Guarantee Thorton, CO location | X | X | | 4,381,000.00 |

Sheet no. __3__ of __8__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal <br> (Total of this page)     4,486,226.00

In re     Stuart B. Utgaard,                                  Case No.    09-18474
           Kimberly J. Utgaard

Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. None<br><br>McGillis Investment Co.<br>3038 South 1030 West<br>Salt Lake City, UT 84119 | | J | 1/25/05 | | | | 537,000.00 |
| Account No. xxx0208<br><br>New Balance<br>Brighton Landing 20 Guest Street<br>Brighton, MA 02135 | X | H | 1/26/00<br>Personal Guarantee on Sportsman's Warehouse, Inc. obligation | X | X | | 161,303.00 |
| Account No.<br><br>North Star Bank<br>4661 Hwy 61<br>White Bear Lake, MN 55110 | X | J | 2007<br>Sportsman's Aviation, LLC New Richmond Regional Airport Lot 14 Hanger Personal Guarantee | X | X | | 581,901.00 |
| Account No. xxxx6268<br><br>Protection One<br>P.O. Box 5714<br>Carol Stream, IL 60197-5714 | | J | 10/30/09<br>Labor Charge at Utah property (100.23) and a cancellation fee ($100.00) | | | | 200.23 |
| Account No.<br><br>Pure Fishing<br>1900 18th Street<br>Spirit Lake, IA 51360 | X | J | 3/97<br>Personal Guarantee on Sportsman's Warehouse, Inc. obligation | X | X | | 1,294,172.00 |

Sheet no. __4__ of __8__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)     2,574,576.23

In re    Stuart B. Utgaard,               Case No. \_\_\_\_ 09-18474 \_\_\_\_
        Kimberly J. Utgaard

                                      Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxxxxx-001 4<br><br>Rocky Mountain Power<br>P.O. Box 25308<br>Salt Lake City, UT 84125 | | J | Electric service at Utah property. | | | | 451.16 |
| Account No. xxxxxxxx xxx xxxx2331<br><br>Salt Lake City Corporation<br>Public Utilities<br>P.O. Box 30881<br>Salt Lake City, UT 84130-0881 | | J | 9/11/09 to 10/12/09<br>Utilities | | | | 328.80 |
| Account No. xxxxxx4004<br><br>Small Business Admin.<br>MN Business Financing Corp.<br>4191 2nd Street South<br>Saint Cloud, MN 56301 | X | J | Sportsman's Warehouse, Inc. Real Estate Personal Guarantee St. Cloud location | X | X | | 793,000.00 |
| Account No. x5000<br><br>Stearns Bank<br>4191 2nd Street South<br>Saint Cloud, MN 56301 | X | J | Sportsman's Warehouse, Inc. Real Estate Personal Guarantee St. Cloud location | X | X | | 2,388,000.00 |
| Account No. x5160<br><br>Stearns Bank<br>4191 2nd Street South<br>Saint Cloud, MN 56301 | X | J | Sportsman's Warehouse, Inc. Real Estate Personal Guarantee Midvale, UT location | X | X | | 3,136,000.00 |

Sheet no. _5_ of _8_ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims

                            Subtotal        6,317,779.96
(Total of this page)

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                        Best Case Bankruptcy

In re   Stuart B. Utgaard,                                   Case No. ___09-18474___
        Kimberly J. Utgaard

_____
                          Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. xxxx-xxxx-xxxx-1009<br><br>Target<br>P.O. Box 59317<br>Minneapolis, MN 55459-0317 | | J | Personal Credit Card | | | | 10,975.81 |
| Account No.<br><br>The Hartford<br>One Hartford Plaza<br>Hartford, CT 06155 | X | H | Surety Bond Indemnification, various dates on Sportsman's utilities | X | X | | 68,185.00 |
| Account No.<br><br>Thomas Glennon & Assoc.<br>90 South 7th Street<br>Minneapolis, MN 55402 | | H | 2/2009<br>Legal costs on failed UFA Consulting/ Non-Compete Agreement | | | | 23,305.00 |
| Account No. xxxx-xxxx-xxxx-9122<br><br>US Bank<br>P.O. Box 790408<br>Saint Louis, MO 63179 | | J | Personal Credit Card | | | | 44,066.39 |
| Account No. xxxx-xxxx-xxxx-6016<br><br>US Bank<br>P.O. Box 790408<br>Saint Louis, MO 63179 | | J | Personal Credit Card | | | | 19,450.17 |

Sheet no. _6_ of _8_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)           165,982.37

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re    Stuart B. Utgaard,                                          Case No. ____09-18474____
         Kimberly J. Utgaard

_____
                                   Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J c | | | | | |
| **Account No.** xxxx-xxxx-xxxx-0716 | | J | | Personal Credit Card | | | | |
| US Bank<br>P.O. Box 790408<br>Saint Louis, MO 63179 | | | | | | | | 19,900.00 |
| **Account No.** xxxx-xxxx-xxxx-9418 | | J | | Personal Credit Card | | | | |
| US Bank<br>P.O. Box 790408<br>Saint Louis, MO 63179 | | | | | | | | 18,000.00 |
| **Account No.** xxxx1683 | | W | | Personal credit card | | | | |
| US Bank<br>P.O. Box 790408<br>Saint Louis, MO 63179 | | | | | | | | 850.00 |
| **Account No.** | | H | | 6/2008<br>Tile work on Utah house (lien rights unknown) | | | | |
| Wasatch Tile & Marble<br>7375 South State Street<br>Midvale, UT 84047 | | | | | | | | 14,000.00 |
| **Account No.** xxxx-xxxx-xxxx-3442 | | J | | Credit Card of Enterprise Investments | X | X | | |
| Wells Fargo<br>P.O. Box 54780<br>Los Angeles, CA 90054 | | | | | | | | 40,260.99 |

Sheet no. _7_ of _8_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

93,010.99

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re    Stuart B. Utgaard,                                    Case No.    09-18474
         Kimberly J. Utgaard

_____
                        Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. | | | Medical Services for Alexandra (daughter) | | | | |
| Westfields Hospital 535 Hospital Road New Richmond, WI 54017-1449 | | J | | | | | 575.00 |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |
| Account No. | | | | | | | |
| | | | | | | | |

Sheet no.  8  of  8  sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | | 575.00 |
| Total (Report on Summary of Schedules) | | 34,437,946.94 |

In re    Stuart B. Utgaard,                                    Case No.    09-18474

            Kimberly J. Utgaard

                                          Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
| --- | --- |
| New Richmond Regional Airport<br>156 East First Street<br>New Richmond, WI 54017 | Land Lease of Lot 3 at the Airport |

  0

\_\_\_\_\_ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037                         Best Case Bankruptcy

In re    Stuart B. Utgaard,                                     Case No.    09-18474
          Kimberly J. Utgaard

Debtors

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

☐ Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| Sportsman's Aviation, LLC<br>215 West 1st Street<br>Star Prairie, WI 54026-0010 | North Star Bank<br>4661 Hwy 61<br>White Bear Lake, MN 55110 |
| Sportsman's Warehouse, Inc.<br>7035 South High Tech Drive<br>Midvale, UT 84047<br>    Phone: 801-566-6681 Kevan Talbot, CFO | Columbia Sportswear<br>14375 NW Science Park Drive<br>Portland, OR 97229 |
| Sportsman's Warehouse, Inc.<br>7035 South High Tech Drive<br>Midvale, UT 84047<br>    Ph: 801-566-6681 Kevan Talbot, CFO | Pure Fishing<br>1900 18th Street<br>Spirit Lake, IA 51360 |
| Sportsman's Warehouse, Inc.<br>7035 South High Tech Drive<br>Midvale, UT 84047 | New Balance<br>Brighton Landing 20 Guest Street<br>Brighton, MA 02135 |
| Sportsman's Warehouse, Inc.<br>7035 South High Tech Drive<br>Midvale, UT 84047 | The Hartford<br>One Hartford Plaza<br>Hartford, CT 06155 |
| Sportsman's Warehouse, Inc.<br>7035 South High Tech Drive<br>Midvale, UT 84047 | Stearns Bank<br>4191 2nd Street South<br>Saint Cloud, MN 56301 |
| Sportsman's Warehouse, Inc.<br>7035 South High Tech Drive<br>Midvale, UT 84047 | Small Business Admin.<br>MN Business Financing Corp.<br>4191 2nd Street South<br>Saint Cloud, MN 56301 |
| Sportsman's Warehouse, Inc.<br>7035 South High Tech Drive<br>Midvale, UT 84047 | Bridgeview Bank<br>4222 E. Camelback Rd.<br>Phoenix, AZ 85018 |
| Sportsman's Warehouse, Inc.<br>7035 South High Tech Drive<br>Midvale, UT 84047 | Marshall Bank First<br>225 S. 6th St, Suite 2900<br>Minneapolis, MN 55402 |
| Sportsman's Warehouse, Inc.<br>7035 South High Tech Drive<br>Midvale, UT 84047 | First American Bank<br>12333 University Ave.<br>Clive, IA 50325 |
| Sportsman's Warehouse, Inc.<br>7035 South High Tech Drive<br>Midvale, UT 84047 | American Bank<br>1578 University Ave.<br>Saint Paul, MN 55104 |

  1
___ continuation sheets attached to Schedule of Codebtors

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re    Stuart B. Utgaard,                                    Case No.    09-18474
         Kimberly J. Utgaard
_____
                          Debtors

## SCHEDULE H - CODEBTORS
(Continuation Sheet)

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
| --- | --- |
| Sportsman's Warehouse, Inc.<br>7035 South High Tech Drive<br>Midvale, UT 84047 | North Star Bank<br>4661 Hwy 61<br>White Bear Lake, MN 55110 |
| Sportsman's Warehouse, Inc.<br>7035 South High Tech Drive<br>Midvale, UT 84047 | Stearns Bank<br>4191 2nd Street South<br>Saint Cloud, MN 56301 |
| Sportsman's Warehouse, Inc.<br>7035 South High Tech Drive<br>Midvale, UT 84047 | Bridgeview Bank<br>4222 E. Camelback Rd.<br>Phoenix, AZ 85018 |
| Sportsman's Warehouse, Inc.<br>7035 South High Tech Drive<br>Midvale, UT 84047 | Centennial Gateway LLC<br>5785 Centennial Center Blvd Ste 230<br>Las Vegas, NV 89149 |

Sheet   1   of   1   continuation sheets attached to the Schedule of Codebtors

Copyright (c) 1996-2009 - Best Case Solutions - Evanston, IL - (800) 492-8037

In re    Stuart B. Utgaard
       Kimberly J. Utgaard            Case No.   09-18474

Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child. The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| Married | RELATIONSHIP(S): <br> Daughter <br> Daughter <br> Daughter <br> Daughter | AGE(S): <br> 13 <br> 15 <br> 16 <br> 9 |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | Management | |
| Name of Employer | Unemployed | Unemployed |
| How long employed | 13 years | |
| Address of Employer | | |

| INCOME: (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions (Prorate if not paid monthly) | $ 0.00 | $ 0.00 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 0.00 | $ 0.00 |
| 4. LESS PAYROLL DEDUCTIONS | | |
|    a. Payroll taxes and social security | $ 0.00 | $ 0.00 |
|    b. Insurance | $ 0.00 | $ 0.00 |
|    c. Union dues | $ 0.00 | $ 0.00 |
|    d. Other (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 0.00 | $ 0.00 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 0.00 | $ 0.00 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): Unemployment | $ 2,016.70 | $ 1,560.90 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 2,016.70 | $ 1,560.90 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 2,016.70 | $ 1,560.90 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 3,577.60 | |

(Report also on Summary of Schedules and, if applicable, on Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
     Both are unemployed at the moment. Stuart hopes to find employment in the near future.

In re    Stuart B. Utgaard                                   Case No.    09-18474
        Kimberly J. Utgaard

Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed. Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate. The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household. Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $ 900.00 |
|    a. Are real estate taxes included?           Yes ___      No X | | |
|    b. Is property insurance included?          Yes ___      No X | | |
| 2. Utilities:      a. Electricity and heating fuel | | $ 100.00 |
|               b. Water and sewer | | $ 40.00 |
|               c. Telephone | | $ 65.00 |
|               d. Other | | $ 0.00 |
| 3. Home maintenance (repairs and upkeep) | | $ 75.00 |
| 4. Food | | $ 800.00 |
| 5. Clothing | | $ 300.00 |
| 6. Laundry and dry cleaning | | $ 50.00 |
| 7. Medical and dental expenses | | $ 500.00 |
| 8. Transportation (not including car payments) | | $ 0.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $ 200.00 |
| 10. Charitable contributions | | $ 200.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|               a. Homeowner's or renter's | | $ 54.00 |
|               b. Life | | $ 0.00 |
|               c. Health | | $ 389.13 |
|               d. Auto | | $ 50.00 |
|               e. Other | | $ 0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|       (Specify) | | $ 0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|               a. Auto | | $ 0.00 |
|               b. Other | | $ 0.00 |
|               c. Other | | $ 0.00 |
| 14. Alimony, maintenance, and support paid to others | | $ 0.00 |
| 15. Payments for support of additional dependents not living at your home | | $ 0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $ 0.00 |
| 17. Other | | $ 0.00 |
|       Other | | $ 0.00 |
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $ 3,723.13 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:

| | | |
|---|---|---:|
| 20. STATEMENT OF MONTHLY NET INCOME | | |
| a.    Average monthly income from Line 15 of Schedule I | | $ 3,577.60 |
| b.    Average monthly expenses from Line 18 above | | $ 3,723.13 |
| c.    Monthly net income (a. minus b.) | | $ -145.53 |

# United States Bankruptcy Court
## Western District of Wisconsin

In re    Stuart B. Utgaard
        Kimberly J. Utgaard                              Case No.    09-18474
                                       Debtor(s)         Chapter     7

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

        I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of    29    sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date    12/23/09             Signature    _Stuart B. Utgaard_
                                                Stuart B. Utgaard
                                               Debtor

Date    12/23/09             Signature    _Kimberly J. Utgaard_
                                                   Kimberly J. Utgaard
                                               Joint Debtor

*Penalty for making a false statement or concealing property:*   Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

# United States Bankruptcy Court
## Western District of Wisconsin

In re    Stuart B. Utgaard      Kimberly J. Utgaard                  Case No.    09-18474

                                   Debtor(s)            Chapter    7

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

*DEFINITIONS*

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None ☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $46,040.08 | 2008 - Kimberly (Sports Warehouse) |
| $32,692.36 | 2009 - Kimberly (Sports Warehouse) |
| $459,576.60 | 2009 - Stuart (Sports Warehouse) |
| $76,667.00 | 2009 - Stuart (Enterprise Investments, Inc.) |
| $50,000.00 | 2008 - Stuart (Enterprise Investments, Inc.) |
| $76,134.00 | 2008 - Net capital gain from Schedule D of tax return |
| $637,691.00 | 2008 - S Corporation Income from Schedule E of tax return |
| $45,127.00 | 2007 - Kimberly (Sports Warehouse) |

| AMOUNT | SOURCE |
|---|---|
| $100,000.00 | 2007 - Stuart (Enterprise Investments, Inc.) |
| $405,447.00 | 2007 - S Corporation Income from Schedule E of tax return |

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $20,000.00 | 2009 - Kimberly 401K distribution |
| $6,973.00 | 2009 - Kimberly unemployment |
| $8,873.00 | 2009 - Stuart unemployment |
| $90.00 | 2008 - Interest income earned from Northstar Bank |
| $5,054.00 | 2007 - Interest income from Sportsman's Warehouse ($4,934) and Northsar Bank ($120) |

**3. Payments to creditors**

None
☐

*Complete a. or b., as appropriate, and c.*

    a.   *Individual or joint debtor(s) with primarily consumer debts.* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|
| See attached list | | $0.00 | $0.00 |

None
■

    b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and creditor counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

    c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None ☐    a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| Sportsman's Warehouse, Inc. Bankruptcy Case No. 09-10990 | Chapter 11 bankruptcy | U.S. Bankruptcy Court State of Delaware | Anticipate 8/15/09 exit |
| Columbia Sportswear Company v. Utgaard et al. Case No. 09-cv-00335-HA | Contract dispute | U.S. District Court, District of Oregon (Portland) | Pending |
| North Star Bank vs. Stuart B Utgaard et al Case No. 2009CV001265 | Foreclosure of Mortgage | St. Croix County Circuit Court | Pending |

None ■    b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**5. Repossessions, foreclosures and returns**

None ■    List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None ■    a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None ■    b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

### 7. Gifts

None ☐ List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|
| See attached | | | |

### 8. Losses

None ■ List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None ☐ List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Murphy Desmond S.C. | 8/18/09 | $3,574.00 |
| P.O. Box 2038 | 8/31/09 | $410.15 |
| Madison, WI 53703 | 10/5/09 | $6,522.60 |
| | 10/24/09 | $4,493.25 |
| | 11/05/09 | $2,417.39 |
| | 12/07/09 | $2,000.00 |

### 10. Other transfers

None ☐ a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|
| Steve Aanenson<br>2375 Terminal Road<br>Saint Paul, MN 55113<br>None | 10/2/09 | 2007 Premier Pontoon Boat, Motor, Trailer and Lift; received $33,000 ($11,016 went to Murphy Desmond, $11,000 for Debtors' IRAs, and most of balance for revolving debt). |
| Auction<br><br>None | 10/30/09 | Various items of Debtors and items of Debtors' children sold at Auction - see attached; received $28,055.78 (most of money used to pay down Wisconsin Department of Revenue debt and part went to Murphy Desmond). |
| Auction | 11/3/09 | Various items sold at red barn auction - $10,311.77 |

None ■   b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

**11. Closed financial accounts**

None ☐   List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| First Utah Bank<br>7070 South State Street<br>Midvale, UT 84047 | Checking Account # xxxx6896 | 11/5/09 - $24.00 |
| North Star Bank<br>4661 Hwy 61<br>White Bear Lake, MN 55110 | Checking Account # xxxx6678 | about 11/20/09 - $49.33 |

**12. Safe deposit boxes**

None ■   List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

**13. Setoffs**

None ■   List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

**14. Property held for another person**

None ■   List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

**15. Prior address of debtor**

None ■   If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

**16. Spouses and Former Spouses**

None ☐    If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME
Kimberly Joy Utgaard

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■    a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■    b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ■    c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

**18 . Nature, location and name of business**

None ☐    a. If the debtor is an individual, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

If the debtor is a partnership, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

If the debtor is a corporation, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|---|---|---|---|---|
| Sportsman's Warehouse (in bankruptcy) | 39-1975614 | 7035 South High Tech Drive Midvale, UT 84047 | Holding Co for retail sporting goods stores | 11/1/96- Present |
| Sportsman's Warehouse (in bankruptcy) | 87-0452614 | 7035 South High Tech Drive Midvale, UT 84047 | Outdoor retail stores | 11/1/96- Present |
| Pacific Flyway Wholesale (in bankruptcy) | 87-0505734 | 7035 South High Tech Drive Midvale, UT 84047 | Wholesaler/ Distributor sporting goods | 11/1/96- Present |
| Enterprise Investments, Inc. | 41-1325457 | 218 W. 1st Street Star Prairie, WI 54026 | Consulting company | 5/3/78- Present |
| Utgaard's Hatchery, Inc. | 39-1555341 | 300 W. 1st Street Star Prairie, WI 54026 | Poultry hatchery | 1/09/86 to present |

None
■    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                            ADDRESS

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement only if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

**19. Books, records and financial statements**

None
☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                     DATES SERVICES RENDERED
Bridget McKelvery, Johnson & Co.                                   1978-present
3255 Fernbrook Lane N
Minneapolis, MN 55447

None
☐    b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                 ADDRESS                               DATES SERVICES RENDERED
Bridget McKelvey, Johnson & Co.     3255 Fernbrook Lane N                    1978-present
                                 Minneapolis, MN 55447

None
☐    c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                         ADDRESS
Bridget McKelvey, Johnson & Co.                                  3255 Fernbrook Lane N
1978-present                                         Minneapolis, MN 55447

None ☐ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                DATE ISSUED
See attached

### 20. Inventories

None ■ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY        INVENTORY SUPERVISOR        DOLLAR AMOUNT OF INVENTORY
(Specify cost, market or other basis)

None ■ b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY        NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
RECORDS

### 21 . Current Partners, Officers, Directors and Shareholders

None ■ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS        NATURE OF INTEREST        PERCENTAGE OF INTEREST

None ■ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NAME AND ADDRESS        TITLE        NATURE AND PERCENTAGE
OF STOCK OWNERSHIP

### 22 . Former partners, officers, directors and shareholders

None ■ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME        ADDRESS        DATE OF WITHDRAWAL

None ■ b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS        TITLE        DATE OF TERMINATION

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

NAME & ADDRESS
OF RECIPIENT,        DATE AND PURPOSE        AMOUNT OF MONEY
RELATIONSHIP TO DEBTOR    OF WITHDRAWAL        OR DESCRIPTION AND
VALUE OF PROPERTY

**24. Tax Consolidation Group.**

None
■    If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION                                         TAXPAYER IDENTIFICATION NUMBER (EIN)

**25. Pension Funds.**

None
■    If the debtor is not an individual, list the name and federal taxpayer identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND                                               TAXPAYER IDENTIFICATION NUMBER (EIN)

## DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date ___12/23/09___          Signature _~~Stuart B. Utgaard~~_
                                        Stuart B. Utgaard
                                        Debtor

Date ___12/23/09___          Signature _~~Kimberly J. Utgaard~~_
                                        Kimberly J. Utgaard
                                        Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

# Utgaard's Bankruptcy (Statement of Financial Affairs No. 3)

| Date | Check # | Payee | Amount | |
|------|---------|-------|--------|---|
| 10/05/09 | 7868 | Bank of America (0213) | $1,549.75 | |
| 10/21/09 | N/A | Bank of America (0213)* | $5,500.00 | |
| 10/05/09 | 7867 | Bank of America (4358) | $924.45 | |
| 10/21/09 | N/A | Bank of America (4358)* | $1,500.00 | |
| | | Total Bank of America | | $9,474.20 |
| 09/19/09 | 7853 | Bremer Bank (1022180) | $650.00 | |
| 10/24/09 | 1045 | Bremer Bank (1022180) | $647.51 | |
| 11/21/09 | 1076 | Bremer Bank (1022180) | $647.51 | |
| 09/28/09 | 7860 | Bremer Bank (275124) | $413.74 | |
| 10/24/09 | 1044 | Bremer Bank (275124) | $250.00 | |
| 11/05/09 | 1061 | Bremer Bank (275124) *** | $3,500.00 | |
| 11/05/09 | 1062 | Bremer Bank (275124) | $200.00 | |
| 11/21/09 | 1077 | Bremer Bank (275124) | $227.43 | |
| | | Total Bremer Bank | | $6,536.19 |
| 10/05/09 | 7870 | Chase (6062) | $1,244.40 | |
| 10/21/09 | N/A | Chase (6062)* | $2,280.00 | |
| 09/16/09 | 7847 | Chase (7633) | $850.10 | |
| 10/21/09 | N/A | Chase (7633)* | $3,700.00 | |
| | | Total Chase | | $8,074.50 |
| 10/05/09 | 7865 | Murphy Desmond | $6,522.60 | |
| 10/24/09 | 1042 | Murphy Desmond | $4,493.25 | |
| 11/05/09 | 1059 | Murphy Desmond | $2,417.39 | |
| 12/07/09 | 1004 | Murphy Desmond | $2,000.00 | |
| | | Total Murphy Desmond | | $13,433.24 |

* Repayment of 10/15/2009 Cash Advances
*** Repayment of 10/23/2009 Borrowing Against Line of Credit

| Date | Check # | Payee | Amount | |
|------|---------|-------|--------|---|
| 09/28/09 | 7863 | US Bank (0716) | $636.03 | |
| 10/10/09 | 7879 | US Bank (0716) | $640.66 | |
| 09/11/09 | 7841 | US Bank (1683) | $5,221.03 | |
| 09/19/09 | 7855 | US Bank (6016) | $864.25 | |
| 09/17/09 | 7848 | US Bank (9122) | $1,270.71 | |
| 10/23/09 | 1041 | US Bank (9122)** | $5,296.39 | |
| 09/19/09 | 7856 | US Bank (9418) | $758.93 | |
| | | Total US Bank | $14,688.00 | |
| 09/17/09 | 7849 | Wells Fargo (1998) | $854.43 | |
| 10/10/09 | 7880 | Wells Fargo (1998) | $1,941.30 | |
| 11/05/09 | 1060 | Wells Fargo (1998) *** | $4,000.00 | |
| 10/06/09 | 7872 | Wells Fargo (3442) | $1,700.22 | |
| 10/21/09 | N/A | Wells Fargo (3442)* | $1,000.00 | |
| | | Total Wells Fargo | $9,495.95 | |
| 11/05/09 | 1063 | WI Department of Revenue | $34,445.00 | |
| 11/09/09 | 1067 | WI Department of Revenue | $15,000.00 | |
| 11/09/09 | 1068 | WI Department of Revenue | $389.44 | |
| | | Total WI Dept. of Revenue | $49,834.44 | Pd in Full |

\* Repayment of 10/15/2009 Cash Advances
\** Repayment of 10/16/2009 Cash Advances
\*** Repayment of 10/23/2009 Borrowing Against Line of Credit

Question 7                              Gifts

**Larry H. Miller Charities**          Deceased Former Director
                                                    2/24/2009        $100.00


**Bethany Luthern Church**             None
                                               5/17/2009         $50.00
                                               6/21/2009        $500.00
                                       **Total 2009**           **$550.00**


**Boise State University Endowment**   None
                                               6/25/2009        $100.00


**Alexandra Utgaard**                  Daughtor
                                               7/23/2009        $400.00
                                       B-Day Present


**Antje Utgaard**                      Daughtor
                                               7/23/2009        $400.00
                                       B-Day Present


**Abrianna Utgaard**                   Daughtor
                                               7/10/2009        $300.00
                                       B-Day Present




                                       **Total 2009 Donations**     **$1,850.00**

# Question 19d

| Name & Address | Date Sent |
|---|---|
| Stearns Bank<br>David Feriancek<br>PO Box 7338<br>4191 2nd Street<br>St. Cloud, MN  56301 | 5/18/2009 |
| North Star Bank<br>4661 Hwy 61<br>White Bear Lake, MN  55110 | May-09 |
| Columbia Sportswear<br>Jean Boudreau & Tim Boyle<br>14375 NW Science Park Drive<br>Portland, OR  97229 | 5/18/2009 |
| McGillis Investment Co.<br>Richard McGillis<br>3038 South 1030 West<br>Salt Lake City, UT  84119 | May-09 |
| Scott Nielson<br>1371 South Vintage Oak Lane<br>Salt Lake City, UT  84121 | May-09 |
| Bob Seidler<br>Seidler Equity Partners<br>4640 Admiralty Way, Suite 1200<br>Marina Del Rey, CA  90292 | May-09 |
| Roger McGillis<br>via email<br>Big Rock Clothing Co.<br>1003 W. 3160 S.<br>South Salt Lake City, UT  84119 | 7/16/2009 |

SBU financial tracking

# United States Bankruptcy Court
## Western District of Wisconsin

In re  Stuart B. Utgaard
Kimberly J. Utgaard
_____  Case No. _____
Debtor(s)   Chapter   7

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH
## CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

□ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

□ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

□ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

□ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

□ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

□ Active military duty in a military combat zone.

□ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _Stuart B. Utgaard_
                        Stuart B. Utgaard

Date: _12/17/09_

## United States Bankruptcy Court
### Western District of Wisconsin

In re   Stuart B. Utgaard                                          Case No. _____
       Kimberly J. Utgaard

_____
                                        Debtor(s)          Chapter     7

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case,** I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 15 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the five days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

B 1D(Official Form 1, Exhibit D) (12/08) - Cont.

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.]* *[Must be accompanied by a motion for determination by the court.]*

    ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

    ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

    ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor: _Kimberly J. Utgaard_
Kimberly J. Utgaard

Date: _12/17/09_

In re    Stuart B. Utgaard
       Kimberly J. Utgaard
_____
              Debtor(s)

Case Number: _____
              (If known)

According to the information required to be entered on this statement
(check one box as directed in Part I, III, or VI of this statement):

☐ **The presumption arises.**

■ **The presumption does not arise.**

☐ **The presumption is temporarily inapplicable.**

# CHAPTER 7 STATEMENT OF CURRENT MONTHLY INCOME
# AND MEANS-TEST CALCULATION

In addition to Schedules I and J, this statement must be completed by every individual chapter 7 debtor, whether or not filing jointly. Unless the exclusion in Line 1C applies, joint debtors may complete a single statement. If the exclusion in Line 1C applies, each joint filer must complete a separate statement.

| Part I. MILITARY AND NON-CONSUMER DEBTORS | |
|---|---|
| 1A | **Disabled Veterans.** If you are a disabled veteran described in the Declaration in this Part IA, (1) check the box at the beginning of the Declaration, (2) check the box for "The presumption does not arise" at the top of this statement, and (3) complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>☐ **Declaration of Disabled Veteran.** By checking this box, I declare under penalty of perjury that I am a disabled veteran (as defined in 38 U.S.C. § 3741(1)) whose indebtedness occurred primarily during a period in which I was on active duty (as defined in 10 U.S.C. § 101(d)(1)) or while I was performing a homeland defense activity (as defined in 32 U.S.C. §901(1)). |
| 1B | **Non-consumer Debtors.** If your debts are not primarily consumer debts, check the box below and complete the verification in Part VIII. Do not complete any of the remaining parts of this statement.<br><br>■ **Declaration of non-consumer debts.** By checking this box, I declare that my debts are not primarily consumer debts. |
| 1C | **Reservists and National Guard Members; active duty or homeland defense activity.** Members of a reserve component of the Armed Forces and members of the National Guard who were called to active duty (as defined in 10 U.S.C. § 101(d)(1)) after September 11, 2001, for a period of at least 90 days, or who have performed homeland defense activity (as defined in 32 U.S.C. § 901(1)) for a period of at least 90 days, are excluded from all forms of means testing during the time of active duty or homeland defense activity and for 540 days thereafter (the "exclusion period"). If you qualify for this temporary exclusion, (1) check the appropriate boxes and complete any required information in the Declaration of Reservists and National Guard Members below, (2) check the box for "The presumption is temporarily inapplicable" at the top of this statement, and (3) complete the verification in Part VIII. **During your exclusion period you are not required to complete the balance of this form, but you must complete the form no later than 14 days after the date on which your exclusion period ends, unless the time for filing a motion raising the means test presumption expires in your case before your exclusion period ends.**<br><br>☐ **Declaration of Reservists and National Guard Members.** By checking this box and making the appropriate entries below, I declare that I am eligible for a temporary exclusion from means testing because, as a member of a reserve component of the Armed Forces or the National Guard<br><br>       a. ☐ I was called to active duty after September 11, 2001, for a period of at least 90 days and<br>           ☐ I remain on active duty /or/<br>           ☐ I was released from active duty on _____, which is less than 540 days before this bankruptcy case was filed;<br><br>                **OR**<br><br>       b. ☐ I am performing homeland defense activity for a period of at least 90 days /or/<br>           ☐ I performed homeland defense activity for a period of at least 90 days, terminating on _____, which is less than 540 days before this bankruptcy case was filed. |

## Part II. CALCULATION OF MONTHLY INCOME FOR § 707(b)(7) EXCLUSION

| | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| 2 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed.<br>a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 3-11.**<br>b. ☐ Married, not filing jointly, with declaration of separate households. By checking this box, debtor declares under penalty of perjury: "My spouse and I are legally separated under applicable non-bankruptcy law or my spouse and I are living apart other than for the purpose of evading the requirements of § 707(b)(2)(A) of the Bankruptcy Code." **Complete only column A ("Debtor's Income") for Lines 3-11.**<br>c. ☐ Married, not filing jointly, without the declaration of separate households set out in Line 2.b above. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.**<br>d. ☐ Married, filing jointly. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 3-11.** | | |

| | | Column A Debtor's Income | Column B Spouse's Income |
|---|---|---|---|
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 3 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ | $ |
| 4 | **Income from the operation of a business, profession or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part V.**<br><br>a. Gross receipts — Debtor $ — Spouse $<br>b. Ordinary and necessary business expenses — $ — $<br>c. Business income — Subtract Line b from Line a | $ | $ |
| 5 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 5. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part V.**<br><br>a. Gross receipts — Debtor $ — Spouse $<br>b. Ordinary and necessary operating expenses — $ — $<br>c. Rent and other real property income — Subtract Line b from Line a | $ | $ |
| 6 | **Interest, dividends, and royalties.** | $ | $ |
| 7 | **Pension and retirement income.** | $ | $ |
| 8 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by your spouse if Column B is completed. | $ | $ |
| 9 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 9. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below:<br><br>Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor $ — Spouse $ | $ | $ |
| 10 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. **Do not include alimony or separate maintenance payments paid by your spouse if Column B is completed, but include all other payments of alimony or separate maintenance. Do not include any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism.**<br><br>a. — $ — $<br>b. — $ — $<br>Total and enter on Line 10 | $ | $ |
| 11 | **Subtotal of Current Monthly Income for § 707(b)(7).** Add Lines 3 thru 10 in Column A, and, if Column B is completed, add Lines 3 through 10 in Column B. Enter the total(s). | $ | $ |

| 12 | Total Current Monthly Income for § 707(b)(7). If Column B has been completed, add Line 11, Column A to Line 11, Column B, and enter the total.  If Column B has not been completed, enter the amount from Line 11, Column A. | $ |

## Part III. APPLICATION OF § 707(b)(7) EXCLUSION

| 13 | Annualized Current Monthly Income for § 707(b)(7).  Multiply the amount from Line 12 by the number 12 and enter the result. | $ |
| 14 | Applicable median family income. Enter the median family income for the applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.)<br><br>a. Enter debtor's state of residence:                              b. Enter debtor's household size: | $ |
| 15 | Application of Section 707(b)(7). Check the applicable box and proceed as directed.<br>☐ **The amount on Line 13 is less than or equal to the amount on Line 14.**  Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete Part VIII; do not complete Parts IV, V, VI or VII.<br>☐ **The amount on Line 13 is more than the amount on Line 14.**  Complete the remaining parts of this statement. |

**Complete Parts IV, V, VI, and VII of this statement only if required.  (See Line 15.)**

## Part IV. CALCULATION OF CURRENT MONTHLY INCOME FOR § 707(b)(2)

| 16 | Enter the amount from Line 12. | | $ |
|----|----|----|----|
| 17 | Marital adjustment. If you checked the box at Line 2.c, enter on Line 17 the total of any income listed in Line 11, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If you did not check box at Line 2.c, enter zero. | | |
| | a. | $ | |
| | b. | $ | |
| | c. | $ | |
| | d. | $ | |
| | Total and enter on Line 17 | $ | |
| 18 | Current monthly income for § 707(b)(2).  Subtract Line 17 from Line 16 and enter the result. | | $ |

## Part V. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 19A | National Standards: food, clothing and other items.  Enter in Line 19A the "Total" amount from IRS National Standards for Food, Clothing and Other Items for the applicable household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | $ |
|----|----|----|----|----|
| 19B | National Standards: health care.  Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the number of members of your household who are under 65 years of age, and enter in Line b2 the number of members of your household who are 65 years of age or older. (The total number of household members must be the same as the number stated in Line 14b.) Multiply Line a1 by Line b1 to obtain a total amount for household members under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for household members 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 19B. | | | | |
| | Household members under 65 years of age | | Household members 65 years of age or older | | |
| | a1. | Allowance per member | a2. | Allowance per member | |
| | b1. | Number of members | b2. | Number of members | |
| | c1. | Subtotal | c2. | Subtotal | $ |
| 20A | Local Standards: housing and utilities; non-mortgage expenses.  Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and household size. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | | | $ |

| | | | |
|---|---|---|---|
| 20B | **Local Standards: housing and utilities; mortgage/rent expense.** Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and household size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 42; subtract Line b from Line a and enter the result in Line 20B. **Do not enter an amount less than zero.** | | $ |

| a. | IRS Housing and Utilities Standards; mortgage/rental expense | $ |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 42 | $ |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. |

| | | |
|---|---|---|
| 21 | **Local Standards: housing and utilities; adjustment.** If you contend that the process set out in Lines 20A and 20B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |

| | | |
|---|---|---|
| 22A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 8. ☐ 0 ☐ 1 ☐ 2 or more. If you checked 0, enter on Line 22A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 22A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | |
|---|---|---|
| 22B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for you public transportation expenses, enter on Line 22B the "Public Transportation" amount from IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |

| | | |
|---|---|---|
| 23 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1 ☐ 2 or more. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 42; subtract Line b from Line a and enter the result in Line 23. **Do not enter an amount less than zero.** | $ |

| a. | IRS Transportation Standards, Ownership Costs | $ |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 42 | $ |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. |

| | | |
|---|---|---|
| 24 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 23. Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 42; subtract Line b from Line a and enter the result in Line 24. **Do not enter an amount less than zero.** | $ |

| a. | IRS Transportation Standards, Ownership Costs | $ |
|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 42 | $ |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. |

| | | |
|---|---|---|
| 25 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |

| | | |
|---|---|---|
| 26 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly payroll deductions that are required for your employment, such as retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |

| 27 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
|---|---|---|
| 28 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in Line 44.** | $ |
| 29 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 30 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 31 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 19B. **Do not include payments for health insurance or health savings accounts listed in Line 34.** | $ |
| 32 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service - to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
| 33 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 19 through 32. | $ |

**Subpart B: Additional Living Expense Deductions**

**Note: Do not include any expenses that you have listed in Lines 19-32**

| 34 | **Health Insurance, Disability Insurance, and Health Savings Account Expenses.** List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents. | |
|---|---|---|
| | a. Health Insurance $ | |
| | b. Disability Insurance $ | |
| | c. Health Savings Account $ | $ |
| | Total and enter on Line 34. | |
| | **If you do not actually expend this total amount, state your actual total average monthly expenditures in the space below:** $ | |
| 35 | **Continued contributions to the care of household or family members.** Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. | $ |
| 36 | **Protection against family violence.** Enter the total average reasonably necessary monthly expenses that you actually incurred to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court. | $ |
| 37 | **Home energy costs.** Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities, that you actually expend for home energy costs. **You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
| 38 | **Education expenses for dependent children less than 18.** Enter the total average monthly expenses that you actually incur, not to exceed $137.50 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. **You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.** | $ |

| 39 | **Additional food and clothing expense.** Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) **You must demonstrate that the additional amount claimed is reasonable and necessary.** | $ |
|---|---|---|
| 40 | **Continued charitable contributions.** Enter the amount that you will continue to contribute in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). | $ |
| 41 | **Total Additional Expense Deductions under § 707(b).** Enter the total of Lines 34 through 40 | $ |

## Subpart C: Deductions for Debt Payment

| 42 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of the creditor, identify the property securing the debt, and state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 42. |  |
|---|---|---|

|  | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance? |
|---|---|---|---|---|
| a. |  |  | $ | ☐yes ☐no |
|  |  |  | Total: Add Lines | $ |

| 43 | **Other payments on secured claims.** If any of debts listed in Line 42 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 42, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |  |
|---|---|---|

|  | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. |  |  | $ |
|  |  | Total: Add Lines | $ |

| 44 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 28.** | $ |
|---|---|---|

| 45 | **Chapter 13 administrative expenses.** If you are eligible to file a case under Chapter 13, complete the following chart, multiply the amount in line a by the amount in line b, and enter the resulting administrative expense. |  |
|---|---|---|

|  |  |  |
|---|---|---|
| a. | Projected average monthly Chapter 13 plan payment. | $ |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x |
| c. | Average monthly administrative expense of Chapter 13 case | Total: Multiply Lines a and b | $ |

| 46 | **Total Deductions for Debt Payment.** Enter the total of Lines 42 through 45. | $ |
|---|---|---|

## Subpart D: Total Deductions from Income

| 47 | **Total of all deductions allowed under § 707(b)(2).** Enter the total of Lines 33, 41, and 46. | $ |
|---|---|---|

## Part VI. DETERMINATION OF § 707(b)(2) PRESUMPTION

| 48 | **Enter the amount from Line 18** (Current monthly income for § 707(b)(2)) | $ |
|---|---|---|
| 49 | **Enter the amount from Line 47** (Total of all deductions allowed under § 707(b)(2)) | $ |
| 50 | **Monthly disposable income under § 707(b)(2).** Subtract Line 49 from Line 48 and enter the result. | $ |
| 51 | **60-month disposable income under § 707(b)(2).** Multiply the amount in Line 50 by the number 60 and enter the result. | $ |

| 52 | **Initial presumption determination.** Check the applicable box and proceed as directed. |
|----|--|
| | ☐ **The amount on Line 51 is less than $6,575.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. Do not complete the remainder of Part VI. |
| | ☐ **The amount set forth on Line 51 is more than $10,950** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. Do not complete the remainder of Part VI. |
| | ☐ **The amount on Line 51 is at least $6,575, but not more than $10,950.** Complete the remainder of Part VI (Lines 53 through 55). |

| 53 | **Enter the amount of your total non-priority unsecured debt** | $ |
|----|--|--|
| 54 | **Threshold debt payment amount.** Multiply the amount in Line 53 by the number 0.25 and enter the result. | $ |

| 55 | **Secondary presumption determination.** Check the applicable box and proceed as directed. |
|----|--|
| | ☐ **The amount on Line 51 is less than the amount on Line 54.** Check the box for "The presumption does not arise" at the top of page 1 of this statement, and complete the verification in Part VIII. |
| | ☐ **The amount on Line 51 is equal to or greater than the amount on Line 54.** Check the box for "The presumption arises" at the top of page 1 of this statement, and complete the verification in Part VIII. You may also complete Part VII. |

## Part VII. ADDITIONAL EXPENSE CLAIMS

| 56 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. |
|----|--|

| | Expense Description | Monthly Amount |
|----|--|--|
| a. | | $ |
| b. | | $ |
| c. | | $ |
| d. | | $ |
| | Total: Add Lines a, b, c, and d | $ |

## Part VIII. VERIFICATION

| 57 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* |
|----|--|

Date: *12/17/09*     Signature: *Stuart B. Utgaard*
Stuart B. Utgaard
*(Debtor)*

Date: *12/17/09*     Signature *Kimberly J. Utgaard*
Kimberly J. Utgaard
*(Joint Debtor, if any)*

# UNITED STATES BANKRUPTCY COURT
# WESTERN DISTRICT OF WISCONSIN

## PAYMENT ADVICES COVER SHEET
in Accordance With 11 U.S.C. Sec. 521(a)(1)(B)(iv)

In re:

    Stuart B. Utgaard
    Kimberly J. Utgaard

Case No. _____

Chapter   _7_____

**Debtor(s)**

*Please check the appropriate box.*

**For Debtor:**

☐    Payment advices (pay stubs) are attached.

■    No payment advices (pay stubs) are attached (the debtor had no income from any employer during the 60 days prior to filing the bankruptcy petition).

☐    No payment advices (pay stubs) attached for other reason, or some payment advices missing (please explain). _____

**For Joint Debtor, if applicable:**

☐    Payment advices (pay stubs) are attached.

■    No payment advices (pay stubs) are attached (the debtor had no income from any employer during the 60 days prior to filing the bankruptcy petition).

☐    No payment advices (pay stubs) attached for other reason, or some payment advices missing (please explain). _____

I declare under penalty of perjury that I have read this payment advices cover sheet and the attached payment advices, consisting of ___ sheets, numbered 1 through ___, and that they are true and correct to the best of my knowledge, information, and belief.

Signature of Debtor: _____*Stuart B. Utgaard*_____    Date: ___12/17/09___

Signature of Joint Debtor: _____*Kimberly J. Utgaard*_____    Date: ___12/17/09___

Software Copyright (c) 1996-2009 Best Case Solutions, Inc. - Evanston, IL - (800) 492-8037

B8 (Form 8) (12/08)

# United States Bankruptcy Court
## Western District of Wisconsin

In re   Stuart B. Utgaard
        Kimberly J. Utgaard                                                Case No.   09-18474
                                                  Debtor(s)        Chapter   7

## CHAPTER 7 INDIVIDUAL DEBTOR'S STATEMENT OF INTENTION

**PART A** - Debts secured by property of the estate. (Part A must be fully completed for **EACH** debt which is secured by property of the estate. Attach additional pages if necessary.)

---

**Property No. 1**

| **Creditor's Name:**<br>402 N. Cove, LLC | **Describe Property Securing Debt:**<br>300 West 1st Street<br>Star Prairie, Wisconsin<br><br>Security interest limited to $250,000 |
|---|---|

Property will be (check one):
  ■ Surrendered                    □ Retained

If retaining the property, I intend to (check at least one):
  □ Redeem the property
  □ Reaffirm the debt
  □ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
  □ Claimed as Exempt             ■ Not claimed as exempt

---

**Property No. 2**

| **Creditor's Name:**<br>Anchor Bank | **Describe Property Securing Debt:**<br>Building located on Lot 13-3 of New Richmond, Wisconsin Regional Airport |
|---|---|

Property will be (check one):
  ■ Surrendered                    □ Retained

If retaining the property, I intend to (check at least one):
  □ Redeem the property
  □ Reaffirm the debt
  □ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
  □ Claimed as Exempt             ■ Not claimed as exempt

**Property No. 3**

| Creditor's Name:<br>Bremer Bank | Describe Property Securing Debt:<br>217 West 1st Street<br>Star Prairie, WI 54026 |
|---|---|

Property will be (check one):
- ☐ Surrendered
- ☑ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☑ Reaffirm the debt
- ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ☑ Claimed as Exempt
- ☐ Not claimed as exempt

**Property No. 4**

| Creditor's Name:<br>City of New Richmond Treasurer | Describe Property Securing Debt:<br>Building located on Lot 13-3 of New Richmond, Wisconsin<br>Regional Airport |
|---|---|

Property will be (check one):
- ☑ Surrendered
- ☐ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ☐ Claimed as Exempt
- ☑ Not claimed as exempt

**Property No. 5**

| Creditor's Name:<br>First Horizon | Describe Property Securing Debt:<br>1858 S. Lakeline Drive<br>Salt Lake City, UT 84109 |
|---|---|

Property will be (check one):
- ☑ Surrendered
- ☐ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ☐ Claimed as Exempt
- ☑ Not claimed as exempt

| Property No. 6 | |
|---|---|
| **Creditor's Name:**<br>North Star Bank | **Describe Property Securing Debt:**<br>300 West 1st Street<br>Star Prairie, Wisconsin |

**Property will be (check one):**
■ Surrendered                              ☐ Retained

**If retaining the property, I intend to (check at least one):**
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

**Property is (check one):**
☐ Claimed as Exempt                    ■ Not claimed as exempt

| Property No. 7 | |
|---|---|
| **Creditor's Name:**<br>Salt Lake County Treasurer | **Describe Property Securing Debt:**<br>1858 S. Lakeline Drive<br>Salt Lake City, UT 84109 |

**Property will be (check one):**
■ Surrendered                              ☐ Retained

**If retaining the property, I intend to (check at least one):**
☐ Redeem the property
☐ Reaffirm the debt
☐ Other.  Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

**Property is (check one):**
☐ Claimed as Exempt                    ■ Not claimed as exempt

| Property No. 8 | |
|---|---|
| **Creditor's Name:**<br>Wells Fargo | **Describe Property Securing Debt:**<br>419C Lakeview Lane<br>Osceola, Wisconsin |

Property will be (check one):
- ■ Surrendered
- ☐ Retained

If retaining the property, I intend to (check at least one):
- ☐ Redeem the property
- ☐ Reaffirm the debt
- ☐ Other. Explain _____ (for example, avoid lien using 11 U.S.C. § 522(f)).

Property is (check one):
- ☐ Claimed as Exempt
- ■ Not claimed as exempt

**PART B** - Personal property subject to unexpired leases. (All three columns of Part B must be completed for each unexpired lease. Attach additional pages if necessary.)

| Property No. 1 | | |
|---|---|---|
| **Lessor's Name:**<br>New Richmond Regional Airport | **Describe Leased Property:**<br>Land Lease of Lot 3 at the Airport | Lease will be Assumed pursuant to 11 U.S.C. § 365(p)(2):<br>☐ YES    ■ NO |

I declare under penalty of perjury that the above indicates my intention as to any property of my estate securing a debt and/or personal property subject to an unexpired lease.

Date ___12/29/09___          Signature _~~Stuart B. Utgaard~~_
                                        Stuart B. Utgaard
                                        Debtor

Date ___12/29/09___          Signature _~~Kimberly J. Utgaard~~_
                                        Kimberly J. Utgaard
                                        Joint Debtor

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

Best Case Bankruptcy